**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| FAUSTINO XAVIER BETANCOURT COLÓN, )<br>            Plaintiff, )<br>             )<br>v.                   )<br>             )<br>TOTALENERGIES MARKETING )<br>PUERTO RICO CORP., FULANOS DE )<br>TAL 1-100           )<br>             )<br>      Defendants.     )<br>             )<br>             ) | Civil Action No. 3:22-cv-01308<br><br>**[Removal from the Court of First Instance, Superior Court of Caguas, Commonwealth of Puerto Rico, Civil No. BY2022CV02233]** |

<u>**NOTICE OF REMOVAL**</u>

Defendant, TotalEnergies Marketing Puerto Rico Corp. ("TotalEnergies") hereby removes this Action from the Court of First Instance, Superior Court of Caguas, Puerto Rico, to the United States District Court for the District of Puerto Rico. TotalEnergies appears for the purpose of removal only and reserves all defenses and rights available to it. In support of removal, TotalEnergies further states as follows:

1.      On April 30, 2022, Plaintiff, Faustino Xavier Betancourt Colón ("Betancourt" or "Plaintiff"), commenced this civil action in the Court of First Instance, Superior Court of Bayamón, Puerto Rico by filing a Complaint captioned *Faustino Xavier Betancourt Colón v. TotalEnergies, et al.,* Civil No. BY2022CV02233 (the "State Court Action"). The case was then transferred to the Court of First Instance, Superior Court of Caguas, Puerto Rico, as it is the correct competent state court venue for the action.

2.      TotalEnergies was served with the Summons and Complaint on May 26, 2022. Pursuant to 28 U.S.C. § 1446(a), TotalEnergies has attached true and exact copies of the Summons and Complaint as **Exhibit A** to this Notice of Removal. No other process or pleading,

nor order has been served or notified upon TotalEnergies.in such action. A certified translation of the Summons and Complaint is attached as **Exhibit B**.

3.      A copy of the Order issued by the Superior Court of Bayamón transferring the case to the Superior Court of Caguas, which was obtained from the electronic filing system of the Puerto Rico First Instance Court, is attached as **Exhibit C**.

4.      In the Complaint, Plaintiff alleges that he suffers from congestive heart failure, hydrocephalus, foot abnormalities and obesity and is, therefore, a person with a disability as defined by the American with Disabilities Act ("ADA"). *See* Complaint ¶¶ 3, 4. Plaintiff further alleges that, on May 9, 2021, he visited a gas station allegedly owned and operated by TotalEnergies (the "Property") and found architectural barriers that interfered his ability to use and enjoy the goods, services, privileges, and accommodations offered at the Property. *See* Complaint ¶¶ 14-18. According to Plaintiff, these alleged "architectural barriers" violate Title III of the ADA and the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"). *See* Complaint ¶¶ 2, 20-21. Plaintiff additionally alleged that TotalEnergies has discriminated against him by denying him full and equal enjoyment and access to the Property's goods, services, privileges and accommodations, and that he intends to return to the property in order to search for, identify and denounce additional alleged violations. *See* Complaint ¶¶ 20-26, 30.

5.      A case may be removed to federal court if it presents a "claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(c); *see, also,* 28 U.S.C. § 1331. Furthermore, unless otherwise expressly provided by Act of Congress, any civil action brought in a state court over which the district courts of the United States have original jurisdiction may be removed by the defendant to the District Court of the United States. 28 USC

§ 1441(a). In the instant case, Plaintiff's Complaint arises under Title III ADA and its guidelines; therefore, removal of this civil action is proper.

6.     The consent of unserved defendants is not required for successful removal. *See, e.g.,* 28 U.S.C. §1441(b); *see also Nogueras-Cartagena v. Rossello-Gonzalez,* 182 F.R.D. 380, 384 (D.P.R. 1998) (ruling that removal was proper where neither defendant had been served, and codefendant "was not required to join in the notice of removal, since service of process had not effected."). To the best of TotalEnergies' knowledge, no other defendants have yet been named nor served.

7.     On May 26, 2022, TotalEnergies received the Complaint filed in the State Court Action.  This Notice of Removal is filed within 30 days of the date any defendant was served with a copy of the initial pleading setting forth the claim for relief upon which this action is based. *See* 28 U.S.C. §1446(b). Accordingly, the removal of this action is timely.

8.     This Notice of Removal is properly filed in the District of Puerto Rico pursuant to 28 U.S.C. § 1446(a).

9.     TotalEnergies has not served an Answer to the Complaint or has otherwise plead. Pursuant to Fed. R. Civ. P. 81(c)(2)(C), TotalEnergies must answer or present other defenses or objections seven days after filing of this Notice of Removal.

10.     In filing this Notice of Removal, TotalEnergies reserves all defenses, including but not limited to lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, and failure to join and/or misjoinder of parties. Therefore, by removing this action to this Court, TotalEnergies does not waive any defenses, objections or motions available to them under state or federal law.

11.     TotalEnergies will give written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

12.     TotalEnergies reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE** Defendant, TotalEnergies Marketing Puerto Rico Corp., respectfully remove this action from the Court of First Instance, Superior Court of Caguas, to the United States District Court for Puerto Rico.

Dated: June 27, 2022

**PIETRANTONI MÉNDEZ & ÁLVAREZ LLC**
Popular Center, 19th Floor
208 Ponce de León Avenue
San Juan, PR 00918
Tel: (787) 274-1212
Fax: (787) 274-1470

*/s/ Oreste R. Ramos*
Oreste R. Ramos
USDC-PR Bar No. 216801
oramos@pmalaw.com

*/s/ Julián R. Rodríguez Muñoz*
Julián R. Rodríguez Muñoz
USDC-PR Bar No. 308301
jrodriguez@pmalaw.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this date we electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and served a true and correct copy of the foregoing by certified mail and via email to all counsel as identified on the service list below, this 27th day of June 2022.

**PIETRANTONI MÉNDEZ & ÁLVAREZ LLC**
Popular Center, 19th Floor
208 Ponce de León Avenue
San Juan, PR 00918
Tel: (787) 274-1212
Fax: (787) 274-1470

*/s/ Oreste R. Ramos*
Oreste R. Ramos
USDC-PR Bar No. 216801
oramos@pmalaw.com

*/s/ Julián R. Rodríguez Muñoz*
Julián R. Rodríguez Muñoz
USDC-PR Bar No. 308301
jrodriguez@pmalaw.com

| | |
|---|---|
| Velez Law Group LLC<br><br>José C. Vélez Colón, Esq.<br>421 Ave. Munoz Rivera #205<br>San Juan, PR 00918-3115<br>Tel.: 787-254-8267<br>Email: jvelez@velezlawgroup.com<br><br><br>*Counsel for Plaintiff Faustino Xavier*<br>*Betancourt Colón* | |